# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| Anthony Lewis, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:20-cv-2258 |
| Webcollex, LLC, d/b/a CKS Financial, a Virginia limited liability company, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

## COMPLAINT – CLASS ACTION

Plaintiff, Anthony Lewis, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's form debt collection letter violated the FDCPA, and to recover damages, and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

## PARTIES

3. Plaintiff, Anthony Lewis ("Lewis"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt, which was allegedly owed for a defaulted Celtic Bank account.

4. Defendant, Webcollex, LLC, d/b/a CKS Financial ("CKS"), is a Virginia limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant CKS operates a nationwide defaulted debt collection business and attempts to collect defaulted debts from consumers in many states, including the State of Indiana. In fact, Defendant CKS was acting as a debt collector as to the defaulted consumer debt at issue here.

5. Defendant CKS is authorized to conduct business in Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant conducts business in Indiana.

6. Defendant CKS is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Defendant acts as a collection agency in Indiana.

## FACTUAL ALLEGATIONS

7. Mr. Lewis fell behind on paying his bills, including a debt he allegedly owed for a Celtic Bank debt. Sometime after that debt went into default, Defendant tried to collect it by sending Mr. Lewis an initial form collection letter, dated July 30, 2020. This collection letter stated:

* * *
Original Creditor: Celtic Bank
Brand: Reflex
Servicer: Continental Finance Company, LLC

* * *

The letter further stated, "This letter serves as notification to inform you that CKS Prime Investments LLC purchased your above referenced account which has been placed

with our office." The letter failed to advise Plaintiff the identity of the creditor to whom the debt was owed, namely, whether it was the original creditor, the servicer or the entity which had allegedly purchased the account. A copy of Defendant's letter is attached as Exhibit C.

8. Thus, Defendant's letter failed to state effectively the name of the creditor to whom the debt was then owed. In fact, Plaintiff is informed and believes, through counsel, that CKS Prime Investments LLC obtained the debt after default and was the creditor to whom the debt was then owed.

9. A statement that CKS Prime Investments LLC was the current creditor to whom the debt was then owed, would have sufficed to identify effectively the name of the creditor to whom the debt was then owed.

10. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, the identification of the creditor is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3d 317, 319-25 (7th Cir. 2016); Dennis v. Niagara Credit Sols., 946 F.3d 368, 370 (7th Cir. 2019). Plaintiff was, in fact, confused as to whom he allegedly owed this debt. Plaintiff, and anyone else who received this letter, would be left unsure as to whether Defendant's form collection letter was a legitimate collection attempt or a fraudulent one.

11. Defendant's collection actions complained of herein occurred within one

year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Current Creditor**

13. Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, they had to provide Mr. Lewis with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed" see, 15 U.S.C. § 1692g(a)(2).

14. Defendant's form collection letter violates § 1692g(a)(2) of the FDCPA because it failed to identify effectively the current creditor to whom the debt was owed, see, Janetos, 825 F.3d at 321-23; see also, Dennis, 946 F.3d at 370-71; Steffek v. Client Services, Inc., 948 F.3d 761, 766-67 (7th Cir. 2020).

15. Defendant's violation of § 1692g of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

16. Plaintiff, Anthony Lewis, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt allegedly owed originally for a Celtic Bank debt, via the same form collection letter (Exhibit C), that Defendant sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendant's form letter violated the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

17. Defendant regularly engages in debt collection, using the same form collection letter it sent Plaintiff Lewis, in its attempts to collect defaulted consumer debts from other consumers.

18. The Class consists of more than 35 persons from whom Defendant attempted to collect defaulted consumer debts by sending other consumers the same form collection letter it sent Plaintiff Lewis.

19. Plaintiff Lewis' claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21. Plaintiff Lewis will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof.

Moreover, Plaintiff Lewis has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Anthony Lewis, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Lewis as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Lewis and the Class, and against Defendant, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Anthony Lewis, individually and on behalf of all others similarly situated, demands trial by jury.

                                              Anthony Lewis, individually and on
                                              behalf of all others similarly situated,

                                              By: /s/ David J. Philipps
                                              One of Plaintiff's Attorneys

Dated: August 28, 2020

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
John Steinkamp & Associates
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
John@johnsteinkampandassociates.com